IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| YNR LLC SERIES O, Plaintiff, | § § § § § § § § | |
| v. | | EP-17-CV-313-DB |
| STATE FARM LLOYDS, INC., Defendant. | | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Plaintiff YNR LLC Series O's ("Plaintiff") "Memorandum of Law in Support of Motion to Remand" ("Motion"), filed in the above-captioned case on November 13, 2017. Therein, Plaintiff asks the Court to remand this case to state court for lack of jurisdiction. On November 20, 2017, Defendant State Farm Lloyds, Inc. ("Defendant") filed its "Brief in Opposition to Plaintiff's Motion to Remand" ("Response"). On November 27, 2017, Plaintiff filed its Reply. After due consideration, the Court denies Plaintiff's Motion for the following reasons.

## BACKGROUND

This case involves a rental policy dispute in which Plaintiff is asking for declaratory judgment. In February 2016, Plaintiff purchased a home in El Paso, Texas, to lease for residential use. Def.'s Notice Removal Ex. A-2, at 4. At the same time, Plaintiff purchased a rental policy from Defendant. *Id.* In October 2016, Plaintiff's then-tenant ("Tenant") informed Plaintiff of issues with the home's HVAC unit. *Id.* Plaintiff then initiated a claim with Defendant under the rental policy for damage to the home, and Defendant stated Tenant's claims were not covered under the rental policy. *Id.* at 4–10. On June 14, 2017, Tenant filed suit against Plaintiff and two other defendants for physical and mental harm resulting from the property damage in the HVAC unit. Def.'s Resp. Mot. Remand Ex. 1, at 3.

On August 30, 2017, Plaintiff filed its Original Petition ("Petition") in the 243rd District Court in El Paso County. In its Petition, Plaintiff claims that it purchased the rental policy from Defendant and that it now "seeks a declaratory judgment holding [Defendant] has a duty to defend and indemnify [Plaintiff] under the terms of the Policy, up to the applicable policy limits." Def.'s Notice Removal Ex. A-2, at 4, 10. Plaintiff seeks declaratory judgment, breach of contract, quantum meruit, unjust enrichment, equitable estoppel, promissory estoppel, breach of duty of good faith and fair dealing, and violations of the Texas Insurance Code. *Id.* at 10–16. Plaintiff does not specify how much it is requesting in damages and states the following:

> 59. The Plaintiff has suffered actual damages and/or economic damages by State Farm's above-described acts and omissions. The Plaintiff's damages include having to pay for the costs associated with testing the Property. Plaintiff was further damaged by State Farm's failure to defend and/or indemnify Plaintiff in regards to the former Tenant's claims. State Farm's unconscionable conduct also cause [sic] Plaintiff considerable mental anguish. The Plaintiff has been further damaged by the need to retain the undersigned law firm in order to pursue its claims against State Farm.
>
> 60. Plaintiff seeks the value of services and/or restitution for services provided to State Farm.

*Id.* at 16–17.

On October 12, 2017, Defendant filed its Notice of Removal. Therein, it claims that this Court has jurisdiction based on diversity of citizenship ("diversity jurisdiction"). Def's. Notice Removal ¶ 7. On November 13, 2017, Plaintiff filed the instant Motion, which is fully briefed.

### STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A district court has diversity jurisdiction when the amount in controversy

2

exceeds $75,000, and the claims are between citizens of different states. 28 U.S.C. § 1332(a). A defendant may remove a state court action to federal court based on diversity jurisdiction. 28 U.S.C. § 1441(b).

A plaintiff may challenge an improper removal by filing a motion to remand under 28 U.S.C. § 1447. "On a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (internal quotation marks and brackets omitted). Further, "removal statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).

## ANALYSIS

Plaintiff argues that the amount in controversy in this case does not exceed $75,000 and that, therefore, the Court does not have diversity jurisdiction over it. Pl.'s Mot. Admis. Pro Hac Vice Ex. 2, at 1–2 [hereinafter Pl.'s Mot. Remand]. Specifically, Plaintiff argues that the amount in controversy is measured by the value of the underlying claim and not the policy limit and that Defendant's potential liability under the rental policy does not reach the jurisdictional requirement for amount in controversy. *Id.* at 4–7. Defendant argues that Plaintiff's reliance on *Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002) (per curiam) undermines its argument for remand and that Plaintiff asks the Court to evaluate Tenant's claims based on other courts' previous decisions to determine the jurisdictional amount—which would be improper for this Court to do. Def.'s Resp. Pl.'s Mot. Remand 2–5. Furthermore, Defendant argues that Plaintiff is asking the Court to make predictions on joint and several liability and that Plaintiff has put forth no credible evidence to support its Motion. *Id.* at 5.

3

The Court must first determine whether the jurisdictional amount in this case is determined by the amount of the policy or the value of the underlying claim. "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). "[I]n declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy." *Hartford Ins. Grp.*, 293 F.3d at 911 (internal quotation marks omitted).

Like the parties in *Hartford Insurance Group*, Plaintiff and Defendant are not disputing the validity of the rental policy but rather whether Defendant must cover and indemnify Tenant's claims against Plaintiff regarding the HVAC problems in Plaintiff's home. Def.'s Notice Removal ¶ 5; Pl.'s Mot. Remand 5; *see Hartford Ins. Grp.*, 293 F.3d at 911 ("Hartford seeks a judicial declaration that its policy does not extend to Lou-Con employees who sustained asbestos-related injuries while working for Murphy Oil. It is not seeking to void the entire insurance contract."). The Court finds that the jurisdictional amount in this case is measured by the value of the underlying claim.

The Court must now determine whether Plaintiff included a specific amount of damages in its Petition. If a plaintiff's complaint includes a specific amount of damages, that amount will determine the amount in controversy for diversity jurisdiction so long as the plaintiff claimed it in good faith. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). "[W]hen a complaint does not allege a specific amount of damages, the [defendant] must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is facially apparent that

the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on summary judgment-type evidence to ascertain the amount in controversy." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (internal quotation marks and citations omitted).

Here, it is not facially apparent from Plaintiff's Petition that its claims exceed $75,000. Def.'s Notice Removal Ex. A-2, at 16–17. Plaintiff did not include a specific amount of damages, so the Court must now determine whether Defendant has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Greenberg*, 134 F.3d at 1253. Defendant provided Tenant's lawsuit to show that the amount in controversy exceeds $75,000.[1] Def.'s Resp. Pl.'s Mot. Remand Ex. 1. Specifically, the lawsuit states that "Plaintiff seeks monetary relief over $200,000.00, but not more than $1,000,000.00." *Id.* at 8; *cf. Rios v. Liberty Mut. Fire Ins. Co.*, DR-16-CV-0031-AM-VRG, 2017 WL 3274456, at *3 (W.D. Tex. Jan. 18, 2017) ("To demonstrate that the amount in controversy exceeds $75,000 . . . [the defendant] points to the allegations of [p]laintiff's amended petition, the limits of the Policy, and [p]laintiff's pre-suit demand letter."); *Friedrichs v. Geovera Specialty Ins. Co.*, No. 7:12-CV-392, 2013 WL 674021, at *3 (S.D. Tex. Feb. 22, 2013) (holding that the defendant met its burden because the demand letter it provided was well over the jurisdictional threshold).

The Court will treat Tenant's lawsuit as the equivalent of a demand letter and finds that Defendant has met its burden in providing summary judgment-type evidence to show that the amount in controversy exceeds $75,000. *See Friedrichs*, 2013 WL 674021, at *3 ("At the outset,

---

[1] Defendant also provided letters from the Department of the Army indicating medical costs Tenant and her children sustained while on Plaintiff's property. Plaintiff, in its Reply, argues that the amount of damages calculated from these letters is disingenuous. Pl.'s Reply Mot. Remand 3–4. The Court finds that Tenant's lawsuit is enough evidence to meet the jurisdictional threshold, so it will not consider the validity of the letters Defendant submitted from the Department of the Army.

5

the Court notes that [the demand letter and estimate] independently and unambiguously supports an amount in controversy that satisfies the jurisdictional threshold."); *Greenberg*, 134 F.3d at 1254–55 (finding the demand letters to be sufficient evidence establishing the jurisdictional threshold).

Plaintiff can still effectuate a remand to state court if it shows that, as a matter of law, it is certain its recovery will not reach the jurisdictional minimum. *Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp. 2d 1039, 1044 (W.D. Tex. 2010). The legal certainty must exist at the time the complaint was filed. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995); *In re 1994 Exxon Chem. Fire*, 558 F.3d at 387 (5th Cir. 2009). A plaintiff can establish the legal certainty that his recovery will be below the threshold by filing a binding stipulation with his complaint that he will not recover an amount above the threshold. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013); *see also Martinez*, 777 F. Supp. 2d at 1044–45 (allowing a court to also consider a post-removal stipulation in certain circumstances).

Plaintiff has provided no evidence to this effect. Plaintiff did not file a binding stipulation or affidavit pre-removal or post-removal. *Knowles*, 133 S. Ct. at 1350; *Martinez*, 777 F. Supp. 2d at 1044–45. The only evidence Plaintiff provides regarding damages below the jurisdictional limit is its arguments in its Motion[2] that Texas courts disfavor landlord-tenant lawsuits, Tenant has a significant burden to prove her case, and that her damages are limited under the Texas Property Code (but not stating what that limit is). Pl.'s Mot. Remand 5–7. However,

---

[2] Citing to one unpublished case from the Southern District of Texas, Plaintiff also argues that Tenant's lawsuit names three defendants, including Plaintiff, and that Defendant must show that Plaintiff is individually liable for $75,000. Pl.'s Mot. Remand 6; Pl.'s Reply Mot. Remand 3. Defendant states, in its Response, that Plaintiff ignores Texas's joint and several liability theory. Def.'s Resp. Pl.'s Mot. Remand 4–5; *see also Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961) ("Claims against two or more defendants can be aggregated for the purpose of attaining the jurisdictional amount, as a general proposition, if they are jointly liable to the plaintiff.").

as a matter of law, these arguments are not evidence that show recovery will not reach the jurisdictional minimum. *Martinez*, 777 F. Supp. 2d at 1044. This Court will not estimate what the damages could be in state court and finds that Plaintiff has not carried its burden.

## CONCLUSION

The Court has diversity jurisdiction to hear this case because Defendant carried its burden in showing that the amount in controversy exceeds $75,000. A plaintiff may avoid federal court by showing, as a matter of law, that its recovery will not exceed $75,000. Plaintiff has failed to do so here. Therefore, the Court will deny Plaintiff's Motion.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff YNR LLC Series O's "Memorandum of Law in Support of Motion to Remand" is **DENIED.**

**IT IS FURTHER ORDERED** that the Parties file a discovery plan and a proposed scheduling order by December 20, 2017.

**SIGNED** this **6th** day of **December 2017.**

_____
DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE